UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FAHS CONSTR. GROUP, INC.,

                Plaintiff,

v.                                                                                                  3:10-CV-0129
                                                                                                    (GTS/DEP)
MICHAEL GRAY; JOHN VAN AUKEN;
TIMOTHY FARRELL; JOHN DOE NO. 1;
JOHN DOE NO. 2; JOHN DOE NO. 3;
JOHN DOE NO. 4; and JOHN DOE NO. 5,

                Defendants.
_____

APPEARANCES:                                                              OF COUNSEL:

HINMAN, HOWARD & KATTELL, LLP                             ADAM P. HATCH, ESQ.
  Counsel for Plaintiff
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, NY 13902-5250

HON. ERIC T. SCHNEIDERMAN                                   ADAM W. SILVERMAN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
Department of Law
New York State Capitol
Albany, NY 12224-0341

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this civil rights action filed by Fahs Construction Group,

Inc., ("Plaintiff") against Michael Gray, John van Auken, Timothy Farrell, John Doe No. 1, John

Doe No. 2, John Doe No. 3, John Doe No. 4, and John Doe No. 5 ("Defendants"), in their

individual and official capacities, is Defendants' motion to dismiss Plaintiff's first claim for

relief in its Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and to dismiss all claims against Defendants in their official capacities for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 31.) For the reasons set forth below, Defendants' motion is granted.

I.  RELEVANT BACKGROUND

   A.  Plaintiff's Claims

Generally, liberally construed, Plaintiff's Amended Complaint alleges that, between approximately June of 2003 and April of 2010, Defendants, in their individual and official capacities, violated Plaintiff's following rights: (1) its right of equal protection under the Fourteenth Amendment by engaging in disparate, discriminatory conduct toward Plaintiff during a highway project for which Plaintiff was the contractor, causing Plaintiff to suffer significant financial loss; and (2) its right to free speech under the First and Fourteenth Amendments by engaging in the discriminatory conduct against Plaintiff in unlawful retaliation for a previous dispute with an employee from the New York State Department of Transportation ("NYSDOT"). (*See generally* Dkt. No. 29 [Plf.'s Amend. Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Memorandum-Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

   B.  Defendants' Motion

Generally, in support of their motion to dismiss, Defendants argue as follows: (1) Plaintiff's first claim for relief for violation of Plaintiff's rights of equal protection fails to state a claim upon which relief can be granted because it fails allege facts plausibly suggesting the occurrence of any conduct within the applicable three-year limitations period; and (2) based on

Plaintiff's own factual allegations, Defendants are protected from liability in their official capacities as a matter of law by the doctrine of sovereign immunity. (*See generally* Dkt. No. 31 Attach. 1 [Defs.' Memo. of Law].) Defendants do not argue, nor does their motion request, that Plaintiff's claims be dismissed against them in their individual capacities. (*Id.*)

Generally, in its response to Defendants' motion to dismiss the first claim for relief, Plaintiff makes three alternative arguments. First, Plaintiff argues that, subsequent to Defendant's motion being filed, Plaintiff received from the NYSDOT, by means of a New York Freedom of Information Law ("FOIL") request, documentation that supports its assertion that NYDOT treated another, similarly situated contractor more favorably. (Dkt. No. 33 [Plf.'s Opp'n Memo. of Law].) Plaintiff argues that this document supports its equal protection claim by showing disparate treatment within the three-year limitations period. (*Id.*) Plaintiff requests that the Court take judicial notice of this document and thus deny Defendants' motion, because Plaintiff will have met its burden under Fed. R. Civ. P. 8(a) by plausibly suggesting a timely claim. (*Id.*) In the alternative, Plaintiff argues that the Court should *sua sponte* convert the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). (*Id.*) Plaintiff argues that the document received from the FOIL request demonstrates a genuine issue of material fact, which would prevent the granting of a motion for summary judgment. (*Id.*) Finally, Plaintiff alternatively argues that, if the Court decides to grant the motion to dismiss, the Court should do so without prejudice and give Plaintiff another opportunity to amend the Complaint to reflect this information newly obtained from the FOIL request. (*Id.*) Plaintiff does not oppose Defendants' motion to dismiss Plaintiff's claims against them in their official capacities because of sovereign immunity. (*Id.*)

II.     **RELEVANT LEGAL STANDARDS**

    A.     **Legal Standard Governing Motions to Dismiss for Failure to State Claim**

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to the Court's decision in *Wade v. Tiffin Motorhomes, Inc.*, 05-CV-1458, 2009 WL 3629674, at *3-5 (N.D.N.Y. Oct. 27, 2009) (Suddaby, J.), which accurately recites that legal standard.

The Court would add only a few words regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c) is contemplated, the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

    [1]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint

**B.      Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  When resolving a motion to dismiss for lack of subject-matter jurisdiction, a district court may look to evidence outside of the pleadings. *Makarova*, 201 F.3d at 113.  The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).  When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

---

as exhibits, and documents incorporated by reference in the complaint.... Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint.... However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citations omitted).

### C. Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Memorandum-Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. No. 31, Attach. 1 [Defs.' Memo. of Law]; Dkt. No. 33 [Plf.'s Opp'n Memo. of Law].)

### III. ANALYSIS

#### A. Whether Plaintiff's First Claim for Relief Should Be Dismissed for Failure to State a Claim upon Which Relief Can Be Granted

As stated in Part I.B. of this Memorandum-Decision and Order, Defendant seeks dismissal of Plaintiff's first claim for relief because Plaintiff failed to allege facts plausibly suggesting the occurrence of any conduct within the applicable three-year limitations period and thus failed to state a claim upon which relief can be granted. After carefully considering the matter, the Court answers this question in the affirmative, generally for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 31, Attach. 1)The Court would add only the following analysis.

In *Bell Atlantic Corp. v. Twombly,* the Supreme Court clarified that pleading standard under Fed. R. Civ. P. 8(a) turns on the *plausibility* of an actionable claim, rather than turn on the *conceivability* of an actionable claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007). As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 129, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff's first claim for relief in the Amended Complaint does not allege facts plausibly suggesting any disparate treatment by Defendants within the applicable statute of limitations period, but instead alleges that Plaintiff could show disparate treatment only after discovery.  (Dkt. No. 29, at ¶ 94.)  As the Supreme Court noted in the analogous situation in *Twombly*, Plaintiff must allege facts plausibly suggesting a plausible claim in order to proceed to discovery and cannot rest its Amended Complaint on the mere hope that the discovery process will provide necessary facts to support its claim.  *See Twombly*, 550 U.S. at 559.  As a result, an analysis of the material within the four corners of Plaintiff's Amended Complaint requires the conclusion that the Amended Complaint fails to state a plausible claim upon which relief can be granted as to the first claim for relief under Fed  R. Civ. P. 8(a)(2).

In its response, however, Plaintiff has attached as Exhibit A the documentation it received from its FOIL request from NYSDOT, which purports to show disparate treatment of another, similarly positioned company beyond the statute of limitations period.  (Dkt. No. 33, Attach. 1.) Plaintiff requests that the Court take judicial notice of this documentation pursuant to Fed. R. Evid. 201(b) and (c), when ruling on this motion.  (Dkt. No. 33 [Plf.'s Opp'n Memo. of Law].)  Rule 201(b) states that a court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Because NYSDOT's payment of a particular contractor is not generally known within the Northern District of New York, the Court could take judicial notice of the documentation only under Fed. R. Evid. 201(b)(2).

As the Advisory Committee Notes to Fed. R. Evid. 201 explain, "the tradition [with respect to judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201(b), Advisory Committee's Notes. More specifically, a "high degree of indisputability is the essential prerequisite" to taking judicial notice of an adjudicative fact. Fed. R. Evid. 201(a), Advisory Committee's Notes. As a result, courts often take judicial notice of records prepared for widespread and open public release.[2] However, the document in question is of a distinctly different character. It was not prepared for review for the general public and could be obtained only by a time-consuming response to a FOIL request. *See In re Take Two Interactive Sec. Litig.*, 551 F.Supp.2d 247, 263 n. 4 (S.D.N.Y. 2008) (declining to take judicial notice of unauthenticated, unpublished documents). The only interpretation of the documentation is provided by Plaintiff's affidavit, which may or may not be accurate. (Dkt. No. 33, Attach. 1.) Furthermore, because Plaintiff does not provide the Court with its original FOIL request, the Court is unable to determine, from the documents provided, what exact information Plaintiff requested from NYSDOT. Simply stated, because Exhibit A does not have a high degree of indisputability that is beyond reasonable controversy, the Court may not, and does not, consider it when deciding Defendants' motion to dismiss for failure to state a claim.

In the alternative, Plaintiff requests that the Court (1) rely on the document in question to *sua sponte* convert Defendants' motion to dismiss into a motion for summary judgment under

---

[2] *See, e.g. Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (affirming judicial notice of copyright registrations); *Driebel v. City of Milwaukee*, 298 F.3d 622, 630 n. 2 (2d Cir. 2002) (affirming judicial notice of duly promulgated and published rules and regulations); *In re Rogers*, 07-31186, 2008 WL 1902050, at *1 (Bkrtcy. E.D.Tenn. April 25, 2008) (taking judicial notice of advisory opinions issued by the Tennessee Attorney General).

Fed. R. Civ. P. 12(d), and (2) conclude that, based on that document, Plaintiff has raised a genuine issue of material fact that precludes the Court from granting summary judgment. (*Id.*)

With all due respect, the Court finds this argument to misconstrue Fed. R. Civ. P. 12(d) and Fed. R. Civ. P. 56. It is true that, pursuant to Fed. R. Civ. P. 12(d), a court must convert a defendant's motion to dismiss for failure to state a claim into a motion, made by that defendant, for summary judgment if (1) matters outside the pleadings are presented to the court, and (2) the court decides not to exclude those matters. Fed. R. Civ. P. 12(d). It is also true that, pursuant to Fed. R. Civ. P. 56, the court can then, *inter alia*, deny the defendant's motion, thus enabling the plaintiff to reach a jury on its claims.[3]

However, to do so, the following two preconditions must be met: (1) the Court must decide not to exclude the matters outside the pleadings; and (2) Defendants must be given notice of the conversion and a reasonable opportunity to present all the material that is pertinent to the conversion. Fed. R. Civ. P. 12(d); *see, e.g., B.V. Optische Industrie De Oude Delft v. Hologic*, 909 F. Supp. 162, 167 (S.D.N.Y. 1995) ("Because in this case it was the non-movant who offered the supplemental submissions, the movants could not have had adequate notice that this motion might be treated as one for summary judgment. Therefore, conversion is inappropriate."). In this case, neither of these preconditions has been met. For these two reasons alone, the Court rejects Plaintiff's argument.

In any event, even if the above-described two preconditions were met, the matters outside the pleadings could be considered only to the extent that they support (or attack) the *evidentiary*

---

[3] Indeed, the court can also, inter alia, actually grant summary judgment in the plaintiff's favor (if the issue has been sufficiently noticed and briefed). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.") [citations omitted].

sufficiency of a claim;[4] they could not be considered also in an effort to support (or attack) the *pleading* sufficiency of that claim.[5] This is because, att all times during the consideration of extra-pleading material on a motion for summary judgment, the claim at issue must be well-pled (without resort to the extra-pleading material): this is why, on a defendant's motion for summary judgment, the claim at issue may be dismissed for failure to state a claim.[6] Frankly stated, in the Court's view, the argument that a plaintiff can use a document to create a genuine issue of fact (pursuant to Fed. R. Civ. P. 56) with regard to a claim that is not even actionable (pursuant to Fed. R. Civ. P. 12[b][6]) when construed without that document is a bootstrap leap into a world ungoverned by the Federal Rules of Civil Procedure.[7] As a result, the Court could, and would, in deciding a converted motion for summary judgment in this case, focus on the glaring pleading issues presented before proceeding to any evidentiary issues presented. For this alternative reason, the Court rejects Plaintiff's argument.

---

[4] 5C Wright & Miller, *Federal Practice & Proc.* § 1366 ("The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by *extra-pleading* material.") [emphasis added].

[5] *See* Fed. R. Civ. P. 12(d) (requiring that, if matters outside the pleadings are considered by the court, the motion ceases to be one that addresses the pleading sufficiency of the claim and becomes one that addresses the evidentiary sufficiency of the claim).

[6] *See Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."); *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").

[7] Viewed from another perspective, a claim is ready for summary judgment only after adequate discovery has been conducted on that claim. Fed. R. Civ. P. 56(d)(2). The scope of permissible discovery of a civil claim in federal court is defined, in large part, by what matter is relevant to that claim. Fed. R. Civ. P. 26(b)(1). Given these facts, the Court has difficulty imagining how relevant discovery could be adequately conducted on a claim if the contours of that claim have not even been sufficiently delineated for purposes of Fed. R. Civ. P. 8(a)(2) and/or Fed. R. Civ. P. 12(b)(6).

Finally, Plaintiff requests that, if the Court grants Defendants' motion to dismiss Plaintiff's first claim of relief, that dismissal should be without prejudice and with leave to replead. (Dkt. No. 33.) The Court construes this argument under the standard that governs a cross-motion for leave to file an amended complaint, given that Plaintiff's desired result is leave to file a Second Amended Complaint.

Motions for leave to amend a complaint are governed by Fed. R. Civ. P. 15, which states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Nevertheless, leave to amend a complaint is not automatic; and a court may deny a motion for leave to amend where there is an apparent or declared reason not to grant leave to amend, "such as [1] undue delay, bad faith or dilatory motive on the part of the movant, [2] repeated failure to cure deficiencies by amendments previously allowed, [3] undue prejudice to the opposing party by virtue of the allowance of the amendment, [4] futility of amendment, etc." *Foman*, 371 U.S. at 182; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir. 1979).

With regard to the second factor described above (i.e., repeated failure to cure deficiencies by amendments previously allowed), the Court notes that granting a plaintiff an opportunity to amend before dismissal of his action is not required where the plaintiff has already been afforded the opportunity to amend. *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009); *accord*, *Shuler v. Brown*, 07-CV-0937, 2009

WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[8]

Finally, in this District, a motion for leave to amend a pleading must (1) attach an unsigned copy of the proposed amended pleading, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means. N.D.N.Y. L.R. 7.1(a)(4).

---

[8] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Dyson v. N.Y. Health Care, Inc.*, 353 F. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice. . . . [T]he district court afforded Dyson three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of *pro se* plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 F. App'x 90 (2d Cir. 2003); *Payne v. Malemathew,* 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, nothwithstanding Plaintiff's pro se status, leave to amend yet again is denied."); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) ("While that failure to plead special damages with respect to the other alleged representations in theory might be cured by amendment, plaintiff already has amended once and has not sought leave to amend again. Accordingly, the fraud claims will be dismissed except to the limited extend indicated.").

Here, Plaintiff's cross-motion fails to (1) attach a copy of the proposed Second Amended Complaint, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the Amended Complaint or other equivalent means, in violation of Local Rule 7.1(a)(4). For this reason alone, the Court can, and does, deny Plaintiff's cross-motion.

In the alternative, the Court denies Plaintiff's cross-motion because, under the circumstances, the following relevant factors weigh decidedly against granting that cross-motion: (1) Plaintiff already had a full and fair opportunity to correct the pleading deficiencies in question, through its receipt of the Court's detailed Memorandum-Decision and Order of January 27, 2011, and its ability to file an Amended Complaint on March 13, 2011; (2) Defendants would be unduly prejudiced as a result of (a) the fact that they have already spent the time and incurred the expense of filing two separate motions to dismiss, and (b) the fact that a significant amount of time has elapsed since the events giving rise to Plaintiff's proposed claims (some of which occurred more than eight years ago) and the filing of his motion;[9] and (3) Plaintiff's proposed claims appear to be futile because they rely on document of questionable meaning.

For each of these alternative reasons, Plaintiff's cross-motion for leave to file a Second Amended Complaint is denied, and the first claim for relief contained in his Amended Complaint is dismissed with prejudice.

---

[9] *Cf. Barber v. U.S.*, 11-CV-1100, 2012 WL 1681978, at *1 (N.D.N.Y. May 14, 2012) (Suddaby, J.) ("[T]he prejudice posed to Defendant by Plaintiff's failure to prosecute is exacerbated somewhat by the age of the case (which arises from events allegedly occurring as far back as 2009) and the number of events giving rise to the case. Under the circumstances, a further delay may well affect the memories of the numerous parties (and presumably witnesses) in the case, the ability to locate witnesses, and the preservation of evidence (particularly documentary evidence regarding the housing sale in question)."); *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

> **B.     Whether Plaintiff's Claims Against Defendants in Their Official Capacities Should be Dismissed Because of Defendants' Sovereign Immunity Under the Eleventh Amendment**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendants' memorandum of law.  (Dkt. No. 31, Attach. 1 [Defs.' Memo. of Law].)  As stated above in Part I.B. of this Memorandum-Decision and Order, Plaintiff does not oppose dismissal against Defendants in their official capacities.  (Dkt. No. 33 [Plf.'s Memo. of Law].)

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden.[10]  As a result, Defendants must show only that this argument possesses facial merit in order for that argument to succeed.  The Court finds that Defendants have met this modest burden.  Indeed, Defendants' argument would survive even the more rigorous scrutiny appropriate for a contested argument.

For these reasons, Plaintiff's claims against Defendants in their official capacities are dismissed.  Plaintiff's claims against Defendants in their individual capacities survive Defendant's motion to dismiss.

---

[10]     *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n. 1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

ACCORDINGLY, it is

ORDERED that Defendants' motion to dismiss (Dkt. No.31) is **GRANTED**; and it is further

ORDERED that Plaintiff's first claim for relief in its Amended Complaint (Dkt. No.29) is **DISMISSED** with prejudice; and it is further

ORDERED that Plaintiff's claims against all Defendants in their official capacities are **DISMISSED** with prejudice; and it is further

ORDERED that this case is referred back to Magistrate Judge Peebles to set new pretrial deadlines.

Dated: July 12, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge